LEAR, Judge.
Prior to 1965, Victor Cage, decedent, lived alone on a two acre tract, more or less, in Baton Rouge, Louisiana. In 1965, appellant, Viola Reynolds Young, was hired by decedent to care for him and to perform housework. In exchange therefor, appellant was permitted to live in a wooden structure located on the premises. Cage had apparently represented to appellant that he would one day will the house to her. Improvements were made at the expense of appellant and by her relatives and friends.
In 1972, decedent executed his last will and testament which, inter alia, named Viola Reynolds Young as one of the legatees. The will stated in pertinent part:
“I give and bequeath to Viola Reynolds Young the East Vz of my above described property together with improvements thereon.
“In the event that Viola Reynolds Young should predecease me, I give and bequeath the East Vz of my above described property, to the children of Viola Reynolds Young, namely, Ethel Young Warner, Gladys Young Gant, Tom Louis Young and Leroy Young, share and share alike. Should any of the legatees named in this paragraph predecease me, the portion which would have been inherited by said legatees shall accrue to the survivors in equal portions.”
*221 In 1978, the said Victor Cage sold a 1.241 acre portion of the two acres owned by him to the State of Louisiana, Department of Transportation and Development. This land was used to construct a portion of the 1-110 route in East Baton Rouge Parish. The consideration paid to decedent was the sum of $46,947.00. A portion of the improvements, consisting of a wood frame house, was expressly retained by the decedent, provided removal was effected within 90 days from receipt of payment or, if the house was tenant occupied, within 30 days after being vacated by the tenant.[1] Shortly after the expropriation sale of the property herein, Victor Cage died. His succession was duly opened, his will probated, and the legatees placed in possession of his estate.
Viola Reynolds Young was sent in possession per judgment of the remaining portion of the east one-half of the property and the wood frame house, which was later moved to that portion received per judgment. She was aggrieved that the judgment of possession recognized Harold Cage, the adopted son of decedent, as the owner of the proceeds paid by the state to decedent as a result of the expropriation. She, therefor, filed this action to annul the succession judgment of possession.
The trial court, after trial on the merits, dismissed plaintiff-appellant’s claim. We are of the same view and, therefore, we affirm.
Appellant specifies several errors, but we are persuaded that only one merits discussion. Furthermore, because of his cogent treatment of the issue, we adopt the following portion of the reasons for judgment of the trial court, to-wit:
“The facts in this case are not in dispute. They show that the deceased, Victor Cage, purchased Lot 69, Suburb North Baton Rouge, from University Realty Company by act dated July 1, 1946. Approximately in 1965 he commenced to build a house on the lot for the benefit of Viola Young, the petitioner herein, who had been caring for him. This house was completed by Humphrey Warner, a son-in-law of Viola Young. She has resided in the house from that time.
“On January 25,1972, Victor Cage executed his last will and testament wherein he bequeathed to Viola Young ‘.. . the East V2 of my above described property (Lot 69), Suburb North Baton Rouge) together with improvements thereon.’ Pri- or to his death, Victor Cage sold to the State of Louisiana, through the Department of Transportation, a portion of the East V2 of Lot 69, which he had previously bequeathed to Viola Young. In said sale a provision was made that the Vendor was to retain the wood frame residence and be required to move it at vendor’s expense with (sic) 90 days of receipt of payment.
“In the Judgment of Possession, the plaintiff, was sent into possession of the ‘remaining portion of the East V2 of the resubdivision of Lot 69, Suburb North Baton Rouge’ and was recognized as the owner of the wood frame residence located at 1946 Central Road, Baton Rouge, Louisiana. Petitioner has moved the residence to another portion of the East V2 of Lot 69.
“Article 1695 of the Civil Code is dis-positive of the issues raised in this case. It provides in part:
“ ‘(A) sale made by the testator of the whole or a part of the thing bequeathed as a legacy, amounts to a revocation of the testamentary disposition, for all that has been sold . . . ’
“If it was the testator’s desire that Viola Young receive the proceeds from the sale of the property he should have then added a codicil to his will making such dispo *222 sition. In the absence of such action on his part, his adopted son, Harold Bonds Cage, is entitled to all of the property remaining in succession and not disposed of in the will. Consequently, the contention of the petitioner in this respect has no merit.
“The remaining claims of the petitioner relate to the wood frame residence located at 1946 Central Road. She was placed in possession of the residence. Whether or not she contributed towards its construction is not before the court. She has taken possession of the residence and has moved it at her expense as she is required to do under the law. The judgment of possession rendered in this matter is consistent with the provisions of the will and therefore should not be annulled.”
For the foregoing reasons, the judgment of the lower court is affirmed at appellant’s costs.
AFFIRMED.

. This fact and certain details of the sale (expropriation) were testified to by witnesses called by plaintiff-appellant. However, during the trial plaintiff-appellant objected to defense counsel’s offer of a certified copy of the sale. The district court sustained the objection because the same was not listed in the pretrial agreement. Defendant submitted, nevertheless, on the proffer. On appeal, plaintiff-appellant withdrew his objection and asked that the court consider the authentic acts proffered. Pretermitting a ruling on the correctness of the trial judge’s action, we will consider the documents.